IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JOSEPH EDWARDS

   Plaintiff,

v.            Civil Action No. TMD 10-2037M

MICHAEL J. ASTRUE,
Commissioner of Social Security,

   Defendant.


MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT


Joseph Edwards  ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and Title XVI and of the Social Security Act, 42 U.S.C.§§ 401-433, 1381-83(c).   Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 11) and Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 15).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Defendant's Motion for Summary Judgment is GRANTED.

## I.  Procedural History

Plaintiff protectively filed his applications for DIB and SSI on June 23, 2006 alleging disability since August 1, 2004 (subsequently amended to July 5, 2005) on the basis of nerve pain over his entire body. R. at 25, 89-91, 92-94, 107.   His claims were denied initially and on

reconsideration.  R. at 63-65, 69, 70-71, 72-73.   On June 4, 2008, a hearing was held before an

administrative law judge ("ALJ") at which Plaintiff and a Vocational Expert ("VE") testified.  R.

at 22-51.  In a decision dated July 21, 2008, the ALJ denied Plaintiff's request for benefits.  R. at

9-21.  The Appeals Council denied Plaintiff's request for review rendering the ALJ's decision

the final decision subject to judicial review.  R. at 1-4.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claims for DIB and SSI used the sequential processes set

forth in 20 C.F.R. § 404.1520 and  § 416.920.  At the first step, the ALJ determined that

Claimant had not engaged in substantial gainful activity since his alleged onset date.  At step

two, the ALJ determined that Claimant suffered from the following severe impairment: other

system nervous disorder.  At step three, the ALJ found that his impairments did not meet or

equal the Listings of Impairments set forth in 20 C.F.R. pt. 404, subpt, P, app. 1.  The ALJ

concluded at step four that, given his Residual Functional Capacity ("RFC") Plaintiff was not

capable of performing his past relevant work.  At step five, the ALJ concluded that Claimant was

capable of performing jobs that existed in significant numbers in the national economy.

Accordingly, he concluded that Claimant was not disabled.  R. at 9-21.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

 *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

## IV. Discussion

Plaintiff argues that the ALJ erred (1) in his RFC assessment; and (2) in his credibility assessment.

### A.     RFC Assessment

Plaintiff first argues that the ALJ's RFC assessment is flawed because he failed to perform a function-by-function assessment of Claimant's ability to perform the physical and mental demands of work. With respect to Plaintiff's ability to perform the exertional and non-exertional demands of work, Plaintiff does not explain which finding within the RFC is, in fact, contradicted or inconsistent with medical evidence in the record. The ALJ's RFC is extremely detailed. R. at 15-16. While the precise medical evidence relied on for every specific limitation is not discussed directly in the actual RFC finding, the ALJ's overall discussion of the medical evidence in the record does not leave the Court to speculate as to their bases. For example, the

3

ALJ specifically states:

> The claimant has the following limitations which are precluded *due to pain, neuralgia and neuritis*: [the claimant has the ability to walk or stand for a total of four hours in an eight hour day and sit for a total of six hours in an eight hour day; the claimant requires the option to alternate between sitting and standing such that not more than ½ hour is required to either sit or stand at any one time period; he needs to avoid excessive dusts, fumes, chemicals, excessive humidity or wetness, and concentrated exposure to excessive vibration; he is precluded from work requiring the use of push/pull controls with legs].

R. at 18 (emphasis added).  The ALJ also noted that due to his moderate pain and fatigue, Claimant would not be capable of high stress and complex work.  R. at 15.  The ALJ further explained that Claimant had moderate limitations as to completing a normal work-day or work-week without an unreasonable length and number of rest periods due to moderate pain, moderate fatigue *from his neuralgia and neuritis.* R. at 18.  He also precluded Claimant from climbing ladders, ropes, and scaffolds, no hazardous heights, no hazardous moving machinery, no exposure to extreme temperature changes *as a precautionary measure due to pain, neuralgia and neuritis.  Id.*  The ALJ was also clear in that Claimant could not perform work involving kneeling or crawling for the same reasons.  *Id.*

In formulating his RFC, the ALJ discussed the scant medical records in the file including the medical records of Claimant's treating physician, Dr. Stuart Goodman, which indicated only neuralgia/neuritis involving the lower extremities.  R. at 16, 147-51, 176-82.  The ALJ also discussed the results of EMG studies and treatment records from Claimant's stay at Southern Maryland Hospital where Claimant was seen for knee pain but released upon improvement with medications.  R. at 17, 137-47, 166-67.

Plaintiff also argues that the ALJ failed to include in his RFC the requirement that he

use a hand held assistive device.  Contrary to Plaintiff's assertion, the ALJ did not ignore the evidence in the record which indicated that Claimant suffered from an unsteady gait.  In fact, the ALJ specifically discussed the evidence noting that "Dr. Goodman reported that the claimant ambulated okay, though, [his] gait was unsteady at times.  Previously, Mr. Edwards ambulated with some problems; however, at a later date, Dr. Goodman stated that the claimant ambulated better than usual.  On April 29, 2007, Dr. Goodman indicated that the claimant was able to ambulate, independently."  R. at 16-17, 165, 177-78, 181-82.  The ALJ also noted that at times, Claimant used a brace but that he reported the ability to walk two to three blocks without stopping.  R. at 18, 32, 120. The RFC's limitations which includes the option to alternate between sitting and standing such that not more than ½ hour is required to either sit or stand at any one time period and no use of leg push/pull controls reflect the ALJ's finding with respect to Claimant's limitations regarding the use of his legs.

  B. <u>Credibility</u>

  Plaintiff also asserts that the ALJ made a faulty pain and credibility assessment. The regulations describe a two-step process for evaluating symptoms.  *See* 20 C.F.R. §§ 404.1529 and 416.929; *see also,* SSR 96-7p; *Craig v. Chater,* 76 F.3d 585, 592-96 (4th Cir.1996). The ALJ  must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms. If such an impairment is established, the ALJ must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities. The latter step requires consideration of both the

objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in evaluating the intensity, persistence, and limiting effects of symptoms, *Craig v. Chater*, 76 F.3d at 595, subjective complaints may not be discredited solely because they lack objective support. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) .

Examination of the record in this case establishes the ALJ properly assessed Plaintiff's credibility, concluding that his statements concerning the intensity, persistence and limiting effects of his symptoms were not credible. R. at 16. He noted that Claimant suffered from a nerve disorder but that his condition was improving and responded to medication. R. at 16-17. He reviewed his adult function report[1] which indicated he was able to walk two to three blocks without stopping, drives two to three miles, prepares light meals, performs household cleaning, and goes grocery shopping. R. at 18. Plaintiff argues that the ALJ selectively cites to the report and ignores evidence in the report which is favorable to him. The ALJ is not required to credit all of the report or none of it. Based on his thorough discussion in his opinion regarding Claimant's allegations of pain, it is clear that his statements from which total disability could be inferred were rejected by the ALJ. The Court finds the ALJ applied the appropriate methodology and that substantial evidence supports his findings regarding Plaintiff's credibility.

---

[1] Plaintiff argues that the ALJ erroneously cited to his activities of daily living report where no such report exists. In actuality, the ALJ cited evidence in the activities of daily living report or function report. R. at 17, 114-21.

V.  <u>Conclusion</u>

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED.  A

separate order shall issue.


Date: March 12, 2012                                   _____/s/_____
                                                      THOMAS M. DIGIROLAMO
                                                      United States Magistrate Judge


Copies to:
Stephen F. Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692